352 F.3d 653
 NEW YORK UNIVERSITY, Gavin Hanna, Defendants,
Jetco Contracting Corp., Third-Party-Defendant-Counter-Claimant-Cross-Defendant-Appellant,
v.
FIRST FINANCIAL INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellee,
Kelly & Kelley Brokerage, Inc., Admiral Insurance Company, Royal Insurance Company of America, G.L.N. Worldwide, Ltd, The Nia Group, LLC, Rockledge Scaffolding Corp., Third-Party-Defendants.
 Docket No. 01-9455.
 United States Court of Appeals, Second Circuit.
 Argued: February 26, 2003.
 Decided: December 16, 2003.
 Question Certified: March 18, 2003.
 Certified Question Answered by New York Court of Appeals: November 20, 2003.
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge) granting, following a bench trial, declaratory relief in favor of Plaintiff-Counter-Defendant-Appellee First Financial Insurance Company ("First Financial"). The District Court found that First Financial's 48-day delay in notifying its insured of denial of coverage was reasonable because it resulted from First Financial's investigation into alternate, third-party sources of insurance benefitting the insured and that such investigations should be encouraged as a matter of public policy.
 Because the reasonable timeliness of notice under N.Y. Ins. Law § 3420(d) is a recurrent issue and involves important public policy considerations for the State of New York, we certified to the New York Court of Appeals the following two questions.
 1. Under N.Y. Ins. Law § 3420(d), may an insurer who has discovered grounds for denying coverage wait to notify the insured of denial of coverage until after the insurer has conducted an investigation into alternate, third-party sources of insurance benefitting the insured, although the existence or non-existence of alternate insurance sources is not a factor in the insurer's decision to deny coverage.
 2. If an investigation into alternate sources of insurance is not a proper basis for delayed notification under N.Y. Ins. Law § 3420(d), is an unexcused delay in notification of 48 days unreasonable as a matter of law under § 3420(d).
 The New York Court of Appeals has responded in the negative to the first question and in the affirmative to the second. In light of its decision, we vacate and remand to the District Court for reconsideration of the issues and of its opinion.
 Joseph P. Dineen, Goddard Ronan & Dineen, LLP, Garden City, New York, for Third-Party-Defendant-Counter-Claimant-Cross-Defendant-Appellant.
 Jay S. Bielat, Nicoletti Gonson & Bielat, LLP (Edward S. Benson, on the brief), New York, New York, for Plaintiff-Counter-Defendant-Appellee.
 Before: STRAUB and RAGGI, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Familiarity with the facts of this case, as set forth in our decision in New York University v. First Financial Insurance Co., 322 F.3d 750 (2d Cir.2003), is assumed. In that decision, we certified two questions to the New York Court of Appeals: (1) Under N.Y. Ins. Law § 3420(d), may an insurer who has discovered grounds for denying coverage wait to notify the insured of denial of coverage until after the insurer has conducted an investigation into alternate, third-party sources of insurance benefitting the insured, although the existence or non-existence of alternate insurance sources is not a factor in the insurer's decision to deny coverage? and (2) If an investigation into alternate sources of insurance is not a proper basis for delayed notification under N.Y. Ins. Law § 3420(d), is an unexcused delay in notification of 48 days unreasonable as a matter of law under § 3420(d)?
 
 
 2
 The New York Court of Appeals accepted certification and answered both of these questions. See First Fin. Ins. Co. v. Jetco Contracting Co., 801 N.E.2d 835, 769 N.Y.S.2d 459, 1 N.Y.3d 64, 2003 WL 22725397 (N.Y. Nov. 20, 2003). The court answered the first question in the negative, "concluding that investigation into possible other sources of insurance is not an acceptable reason for delayed disclaimer." Id. at 839. The court then answered the second question in the affirmative, stating that on the facts before the court, "[t]he insurer's 48-day delay in giving written notice ... was unreasonable as a matter of law." Id. at 840.
 
 
 3
 Previously, the District Court entered "judgment for First Financial declaring that First Financial does not owe Jetco a defense and indemnification in the Hanna action." First Fin. Ins. Co. v. Jetco Contracting Corp., 202 F.Supp.2d 13, 17 (S.D.N.Y.2001). The District Court found that First Financial did not violate N.Y. Ins. Law § 3420(d), because First Financial's 48-day delay in notifying Jetco of denial of coverage resulted from First Financial's investigation into alternate, third-party sources of insurance benefitting Jetco and that, as a matter of public policy, such investigations should be encouraged. Id. at 16-17. In light of the New York Court of Appeals' decision, however, we VACATE and REMAND this case to the District Court for reconsideration of the issues and its opinion.
 
 
 
 Notes:
 
 
 *
 Judge Robert A. Katzmann, originally a member of the panel, recused himself subsequent to oral argument, and the appeal is being disposed of by the remaining members of the panel, who are in agreement